142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Eric CUNNINGHAM, Defendant-Appellant.
 No. 97-1897.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998*.
Decided May 5, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-CR-205 J.P. Stadtmueller, Chief Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Following a bench trial, Eric Cunningham was convicted of possessing a firearm despite a felony conviction that made such possession unlawful, see 18 U.S.C. § 922(g)(1), and was sentenced to 67 months' imprisonment. His first appellate lawyer filed a brief on the merits with which Cunningham was dissatisfied. Cunningham asked us to replace his lawyer, which we did (striking the appellate brief in the process). Newly appointed appellate counsel then filed an Anders brief and motion to withdraw, concluding that there are no nonfrivolous grounds for appeal.
 
 
 2
 Milwaukee police encountered Cunningham during a drug investigation. He agreed to a search of a car that he said was his and gave the keys to the officers. They found a gun, which Cunningham admitted owning. At trial the parties stipulated that Cunningham had a felony conviction and that the gun was among the weapons proscribed by statute. That was enough evidence to persuade the judge to find Cunningham guilty.
 
 
 3
 The Anders brief explores, and deems frivolous, the two issues Cunningham's first lawyer briefed on the merits: the sufficiency of the evidence and a two-level sentencing enhancement for obstruction of justice. We agree with counsel that these have no hope of success. Cunningham essentially confessed to the crime by telling an officer that the gun was his; a rational trier of fact could find the evidence sufficient. The sentencing enhancement was based on Cunningham's testimony, which the judge deemed perjurious in findings that satisfy the standard of United States v. Dunnigan, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).
 
 
 4
 Cunningham believes that counsel should have opened an attack on the effectiveness of his first lawyer, who did not seek to have Cunningham's statements to the police suppressed, and who may have advised him to waive his right to trial by jury. But this record does not reveal whether there were any grounds for suppression, what advice about the choice between bench and jury trial was given, or any of the other details that would be vital to an assessment of counsel's litigation strategy. An ineffective-assistance argument on this record would be doomed, and would foreclose use of 28 U.S.C. § 2255 to make the argument on an enlarged record. Cunningham should file a § 2255 petition if he believes that he is able to demonstrate constitutional ineffectiveness. (Cunningham should recognize, however, that he can file only one § 2255 petition, so he should investigate all potential claims before acting.)
 
 
 5
 The motion to withdraw is granted and the appeal is dismissed as frivolous.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)